IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SOUTHCO, INC.                  :        CIVIL ACTION
                               :
        v.                     :
                               :
FIVETECH TECHNOLOGY INC.       :        NO. 10-1060

MEMORANDUM

McLaughlin, J.                                November 12, 2013

The plaintiff, Southco, Inc. ("Southco"), is a manufacturer of hardware, including "panel" or "captive" screws. The defendant, Fivetech Technology Inc. ("Fivetech"), is a competitor of Southco. Southco has alleged patent and trademark infringement by Fivetech. Before the Court is Fivetech's motion for summary judgment of invalidity of U.S. Patent No. 6,468,012 (the "'012 patent") (Docket No. 206). The Court will deny the motion without prejudice.

I.   Procedural History

Southco is a manufacturer of hardware, including panel screws. Panel screws are also known as "captive screws" or "fastener screws." Compl. ¶¶ 6-7. Fivetech is a competitor of Southco. Answer ¶¶ 2, 7. Southco alleges that Fivetech has infringed on its patents and trademarks through the sale of Fivetech Series 46 captive fasteners ("Series 46 screws").

More specifically, Southco alleges infringement on its patent number 5,851,095 ("the '095 patent") issued on December 22, 1998; on its patent number 6,280,131 ("the '131 patent") issued on August 28, 2001; on its patent number 6,468,012 ("the '012 patent") issued on October 22, 2002; and on its Trademark registrations numbers 2,478,685 and 3,678,153. Compl. ¶¶ 11-18 ('095 patent), 19-26 ('131 patent), 27-34 ('012 patent), 35-44 (trademark).

The Court granted summary judgment in favor of Fivetech on both the '095 and '131 patent claims. The Court also granted summary judgment in favor of Fivetech on the '012 patent claims. The Court now considers Fivetech's motion for summary judgment of invalidity of the '012 patent. Fivetech raised invalidity as both an affirmative defense to Southco's complaint and as a separate counterclaim for a declaratory judgment of invalidity. Answer ¶¶ 47, 84-87.

II. Analysis

The Supreme Court has held that a decision of noninfringement does not necessarily moot a counterclaim that raises patent invalidity. See Cardinal Chem. Co. v. Morton Int'l, Inc., 508 U.S. 83, 94-99 (1993). A district court is not compelled, however, to decide an invalidity counterclaim after

entering a judgment of non-infringement because of the discretion afforded to district courts under the Declaratory Judgment Act.  Id. at 95 n.17.

Although the Supreme Court has indicated that it is the better practice for lower courts in infringement suits to inquire into the validity question, Sinclair & Carroll Co. v. Interchem. Corp., 325 U.S. 327, 330 (1945), this has not been construed as a peremptory direction, but rather a matter of the trial court's discretion.  Judge Learned Hand, in Harries v. Air King Prods. Co., 183 F.2d 158 (2d Cir. 1950), suggested that the "better practice" statement in Sinclair & Carroll Co. was discretionary, with a requirement to reach the issue of validity only if the patent is so "evidently invalid" that it should not be allowed to stand as a "scarecrow."  Id. at 162-63.

Most Courts of Appeals recognize that both trial and appellate courts have some discretion to hold a patent not infringed and decline to rule on validity.  See, e.g., Broadview Chem. Corp. v. Loctite Corp., 474 F.2d 1391, 1394 (2d Cir. 1973); Marvin Glass & Assocs. v. Sears, Roebuck & Co., 448 F.2d 60, 62-63 (5th Cir. 1971); M.O.S. Corp. v. John I. Haas Co., 375 F.2d 614, 616-17 (9th Cir. 1967); Dow Chem. Co. v. Skinner, 197 F.2d 807, 811-12 (6th Cir. 1952).

The Federal Circuit has mandated that a motion involving the patent invalidity issue be dismissed without prejudice if the court declines to rule on it. "A district court judge faced with an invalidity counterclaim challenging a patent that it concludes was not infringed may either hear the claim or dismiss it without prejudice, subject to review only for abuse of discretion." Liquid Dynamics Corp. v. Vaughn Co., 355 F.3d 1361, 1371 (Fed. Cir. 2004); see also Korszun v. Pub. Techs. Multimedia, Inc., 96 F. App'x 699, 700 (Fed. Cir. 2004); Nystrom v. TREX Co., 339 F.3d 1347, 1351 n.* (Fed. Cir. 2003).

Not only has the Court decided that the '012 patent is not infringed (Docket Nos. 250, 251), but Fivetech filed a revised request for reexamination of the '012 patent on February 29, 2012, which is still pending in the U.S. Patent and Trademark Office ("PTO"). This revised request for reexamination was granted for claims 1, 6-8, 13, and 14, and denied for the other claims, on March 30, 2012. The Examiner rejected those claims as anticipated and/or obvious on January 8, 2013. Southco filed a notice to appeal the reexamination decision on March 1, 2013. Southco requested an oral hearing on August 19, 2013, and as of November 7, 2013, the Patent Trial and Appeal Board has scheduled a reexamination hearing for December 18, 2013.

The pending reexamination of the '012 patent convinces this Court that it should decline to decide Fivetech's motion for summary judgment on patent invalidity. In light of the grant of Fivetech's motion for summary judgment on noninfringement and because of the potential for the PTO to conclude that some of the subject matter of the '012 patent is not patentable, the Court denies Fivetech's motion for summary judgment on patent invalidity without prejudice.

An appropriate Order shall issue.