**EXHIBIT A**

(ORDER LIST: 577 U.S.)

MONDAY, DECEMBER 7, 2015

CERTIORARI -- SUMMARY DISPOSITION

15-24        FRANCE, GARY L. V. UNITED STATES

            The petition for a writ of certiorari is granted.  The

        judgment is vacated, and the case is remanded to the United

        States Court of Appeals for the Seventh Circuit for further

        consideration in light of the confession of error by the

        Solicitor General in his brief for the United States filed on

        November 6, 2015.

ORDERS IN PENDING CASES

15A458      SORENSEN, JEROLD R. V. UNITED STATES
(15-595)

            The application for stay addressed to The Chief Justice and

        referred to the Court is denied.

15A479      WILKERSON, MARY V. UNITED STATES

            The application for release on bond pending appeal addressed

        to Justice Ginsburg and referred to the Court is denied.

15M61       HARDY, DAVID V. BIRKETT, WARDEN

15M62       WILKINSON, REGINALD V. GEO GROUP, INC., ET AL.

            The motions to direct the Clerk to file petitions for writs

        of certiorari out of time are denied.

15-5527     KEARNEY, RICHARD V. NY DOC, ET AL.

15-5748     CAMPBELL, JAMES B. V. JONES, SEC., FL DOC

15-5767     COLLIE, CYNTHIA E. V. SC COMMISSION ON LAWYER CONDUCT

15-6027     HOWELL, BURL A. V. UNITED STATES

            The motions of petitioners for reconsideration of orders

denying leave to proceed *in forma pauperis* are denied.

15-6370    JACKSON, BILL D. V. WHITE, JESSE, ET AL.

15-6806    DIXON, ADDIE E. V. McDONALD, SEC. OF VA

The motions of petitioners for leave to proceed *in forma pauperis* are denied. Petitioners are allowed until December 28, 2015, within which to pay the docketing fees required by Rule 38(a) and to submit petitions in compliance with Rule 33.1 of the Rules of this Court.

## CERTIORARI DENIED

14-1391    BOWDEN, BOBBY E. V. NORTH CAROLINA

14-9299    MARSHALL, ANDREW V. BUREAU OF PRISONS

14-10447   FRIES, TODD R. V. UNITED STATES

15-65      LIZCANO, JUAN V. TEXAS

15-147     SULLIVAN, BRIAN T. V. GLENN, MICHAEL R., ET UX.

15-210     GEOFFREY, LORRIE V. GEOFFREY, BRYAN

15-245     MANN, STEWART C. V. UNITED STATES

15-270     SMILEY, ALLENA B. V. HARTFORD LIFE, ET AL.

15-272     HAWKINS, CHARLES J. V. JPMORGAN CHASE BANK

15-381     FIVETECH TECHNOLOGY INC. V. SOUTHCO, INC.

15-384     SITKA ENTERPRISES, INC., ET AL. V. MIRANDA, WILFREDO S., ET AL.

15-385     BOND, FREDERICK O. V. HOLDER, ERIC H., ET AL.

15-389     DICKEY, JAMES V. BOSTON INSPECTIONAL SERVICES

15-390     ING, TONY V. LEE, THOMAS

15-394     CUNDA, JOSE S. V. BANK OF NEW YORK MELLON

15-396     ROUSE, AMBROSIO V. II-VI INC., ET AL.

15-397     RACZ, JOHN V. KNIPP, WARDEN

15-398     PETRELLA, DIANE, ET AL. V. BROWNBACK, GOV. OF KS, ET AL.

15-407     VILLEGAS, JOHN E., ET AL. V. SCHMIDT, MICHAEL B.

15-408      LIPIN, JOAN C. V. DANSKE BANK, ET AL.

15-418      WYNN, DEBORAH J. V. CALLAN APPRAISAL INC., ET AL.

15-422      JONES, LAVERNE, ET AL. V. DANCEL, BERNALDO, ET AL.

15-426      EVANS, NATHALEE, ET AL. V. McCULLOUGH, THOMAS B., ET AL.

15-431      HUNN, MARSHALL V. WILSON HOMES INC., ET AL.

15-433      CRIDER, ROBERT J. V. TEXAS

15-441      HILL, THOMAS V. CURTIN, WARDEN

15-455      ASKEW, DIRK, ET UX. V. UNITED STATES

15-462      WENTHE, CHRISTOPHER T. V. MINNESOTA

15-542      KATZ, MICHAEL A. V. CELLCO PARTNERSHIP

15-5043     GUTIERREZ, RICARDO J. V. UNITED STATES

15-5147     LARA-RUIZ, GILBERTO V. UNITED STATES

15-5149     MAKI, ALLEN V. ANDERSON, BEVERLY, ET AL.

15-5635     STEPHENS, RENEE V. NIKE, INC.

15-5740     RAYFORD, WILLIAM E. V. STEPHENS, DIR., TX DCJ

15-5886     PICKENS, MARK V. OHIO

15-5940     GONZALES, RAMIRO F. V. STEPHENS, DIR., TX DCJ

15-5958     PLASCENCIA-ACOSTA, GABRIEL V. UNITED STATES

15-5964     RODRIGUEZ-RODRIGUEZ, BENJAMIN V. UNITED STATES

15-6282     ROBERSON, ROBERT L. V. STEPHEN, DIR., TX DCJ

15-6344     PARKER, WILLIAM R. V. TEXAS

15-6346     ESCAMILLA, GEORGE V. ESCAMILLA, KATHLEEN T., ET AL.

15-6352     TRAYLOR, ANDRE D. V. McLAUGHLIN, WARDEN

15-6354     LEACH, NADINE V. NEW YORK

15-6358     ROBLES, ADRIAN V. CALIFORNIA

15-6364     HUDSON, BIVEN V. UNITED STATES

15-6369     WAGNER, SHERMAN O. V. BURT, WARDEN

15-6386     HUBBARD, RODNEY A. V. WOODS, WARDEN

15-6389     HEGEWALD, MICHAEL V. GLEBE, PAT

15-6390     GOODMAN, KEITH D. V. CLARKE, DIR., VA DOC, ET AL.

15-6391     GU, ALEX V. PRESENCE SAINT JOSEPH, ET AL.

15-6394     McBRIDE, DEWEY L. V. ARIZONA

15-6395     DAVIS, DERRICK D. V. PAT THOMAS, ET AL.

15-6405     BERNIER, REJEANNE M. V. COURT OF APPEAL OF CA, ET AL.

15-6410     VILLA, MANUEL V. CALIFORNIA

15-6411     TOWERY, DOSHEE S. V. STEPHENS, DIR., TX DCJ

15-6412     REID, MICHAEL J. V. FLORIDA

15-6421     TITTLE, TYRONE V. CALIFORNIA

15-6423     REDMAN, EARLA G. V. NY DOC, ET AL

15-6427     LASCHKEWITSCH, JOHN B. V. RELIASTAR LIFE INSURANCE COMPANY

15-6436     ADAMS, NOEL W. V. LYNCH, ATT'Y GEN.

15-6453     GONZALES, HENRY V. TEXAS

15-6465     BERNIER, REJEANNE V. COURT OF APPEAL OF CA, ET AL.

15-6474     GOUCH-ONASSIS, DEBORAH E. V. UNITED STATES

15-6477     ROBINSON, ALFRED V. COLVIN, ACTING COMM'R, SOCIAL

15-6486     GOMEZ, NEXIS R. V. GIPSON, WARDEN

15-6498     MEDRANO, ANGEL V. RYAN, DIR., AZ DOC, ET AL.

15-6530     McNEW, MICHAEL A. V. TIBBALS, WARDEN

15-6533     PALOMAR, ARTURO F. V. BARNES, WARDEN

15-6534     PAPPAS, MARKOS N. V. UNITED STATES

15-6542     WHITE, CHARLES P. V. INDIANA

15-6546     ROSADO, ELIAS V. JONES, SEC. FL DOC, ET AL.

15-6547     SILVA, CARLOS J. V. LYNCH, ATT'Y GEN.

15-6576     PEDERSEN, JEFFERY V. RICHARDSON, WARDEN

15-6639     PUENTES, BENJAMIN V. SANTA CLARA COUNTY, CA, ET AL.

15-6652     ROBINSON, FRED V. UNITED STATES

| | |
|---|---|
| 15-6676 | HUTCHESON, SCOTT B. V. UNITED STATES |
| 15-6692 | ROSE, CHE V. UNITED STATES |
| 15-6707 | NWAFOR, LEONARD U. V. UNITED STATES |
| 15-6715 | HARDIN, DAVID L. V. UNITED STATES |
| 15-6720 | HOSSEINI, AMIR V. UNITED STATES |
| 15-6721 | GUAJARDO, FRANK Z. V. McDONALD, SEC. OF VA |
| 15-6726 | GRIFFIN, KANDACE R. V. UNITED STATES |
| 15-6727 | MEDRANO, NOE F. V. UNITED STATES |
| 15-6728 | PAPPAS, MARKOS V. ZICKEFOOSE, WARDEN |
| 15-6729 | GARCIA-ROSAS, JULIO C. V. UNITED STATES |
| 15-6732 | ALLEN, LESLIE D. V. UNITED STATES |
| 15-6736 | CRUELL, MAURICE X. V. UNITED STATES |
| 15-6737 | TRAN, JESSICA L. V. UNITED STATES |
| 15-6739 | BURGOS-MONTES, EDISON V. UNITED STATES |
| 15-6741 | DIAZ, JUAN V. UNITED STATES |
| 15-6742 | PERKINS, JEAN-DANIEL V. UNITED STATES |
| 15-6744 | ROSALES, PEDRO V. UNITED STATES |
| 15-6749 | LOHSE, DARRAN V. UNITED STATES |
| 15-6752 | MOORE, SAMUEL J. V. UNITED STATES |
| 15-6770 | VICKERS, DONALD V. JONES, SEC., FL DOC, ET AL. |
| 15-6771 | SANDELIER, THOMAS A. V. FLORIDA |
| 15-6772 | COLLINS, RUSSELL L. V. UNITED STATES |
| 15-6773 | JOHNSON, ERNEST L. V. LOMBARDI, GEORGE A., ET AL. |
| 15-6775 | MAURICIO-TRUJILLO, PEDRO V. UNITED STATES |
| 15-6776 | MEDLOCK, KATHY V. UNITED STATES |
| 15-6777 | KRAEGER, KENNETH V. UNITED STATES |
| 15-6780 | CAMICK, LESLIE L. V. UNITED STATES |
| 15-6781 | SALAZAR-ESPINOZA, MANUEL V. HASTINGS, WARDEN |

15-6782     JOHNSON, ERNEST L. V. GRIFFITH, WARDEN

15-6785     CALAIS, DWAYNE V. UNITED STATES

15-6787     RASHID, AMIN A. V. ORTIZ, WARDEN

15-6791     MOORE, LEONARD V. UNITED STATES

15-6795     TURNER, HAYZEN V. UNITED STATES

15-6799     CIPRA, DONALD P. V. UNITED STATES

15-6800     ARMENTA-AGUILAR, EFRAIN V. UNITED STATES

15-6803     JACKMAN, DONALD G. V. UNITED STATES

15-6804     BROWN, JAKOTA R., ET AL. V. UNITED STATES

15-6818     WOOLSEY, CHARLES M. V. UNITED STATES

15-6819     WADLEY, LODISE V. FARLEY, WARDEN

15-6820     YOUNG, MYRON V. UNITED STATES

15-6838     WILLIAMS, JEFFREY D. V. UNITED STATES

15-6842     SHELIKHOVA, IRINA V. UNITED STATES

15-6844     BUTLER, JAMES V. UNITED STATES

15-6848     ROSALES-VELASQUEZ, ADELMO I. V. UNITED STATES

15-6850     LINDSEY, ROBERT V. UNITED STATES

15-6851     LOPEZ-VENCES, PORFIRIO V. UNITED STATES

15-6854     MONTERO-ORNELAS, RICARDO V. UNITED STATES

15-6855     NINO-GUERERRO, RUBEN V. UNITED STATES

        The petitions for writs of certiorari are denied.

15-416      MICHIGAN V. LOCKRIDGE, RAHIM O.

        The motion of respondent for leave to proceed *in forma pauperis* is granted.  The petition for a writ of certiorari is denied.

15-471      ENERGY & ENVIRONMENT LEGAL INST. V. EPEL, JOSHUA, ET AL.

        The motion of Pacific Legal Foundation, et al. for leave to file a brief as *amici curiae* is granted.  The motion of Chamber

of Commerce of the United States of America, et al. for leave to file a brief as *amici curiae* is granted.  The motion of Association des Eleveurs de Canards et d'Oies du Quebec, et al. for leave to file a brief as *amici curiae* is granted.  The petition for a writ of certiorari is denied.

15-6373   LANCASTER, CHARLES C. V. TEXAS

The motion of petitioner for leave to proceed *in forma pauperis* is denied, and the petition for a writ of certiorari is dismissed.  See Rule 39.8.  As the petitioner has repeatedly abused this Court's process, the Clerk is directed not to accept any further petitions in noncriminal matters from petitioner unless the docketing fee required by Rule 38(a) is paid and the petition is submitted in compliance with Rule 33.1.  See *Martin* v. *District of Columbia Court of Appeals*, 506 U. S. 1 (1992) (*per curiam*).

15-6735   BARNETT, TRACY A. V. MAYE, WARDEN

15-6758   WARREN, JOHNNY S. V. UNITED STATES

15-6826   LORA, WILFREDO G. V. UNITED STATES

The petitions for writs of certiorari are denied.  Justice Kagan took no part in the consideration or decision of these petitions.

**HABEAS CORPUS DENIED**

15-6931   IN RE GEORGE H. GAGE

15-6955   IN RE JOHN H. JONES

15-6972   IN RE MARVIN GREEN

The petitions for writs of habeas corpus are denied.

15-6807   IN RE WILFREDO G. LORA

The petition for a writ of habeas corpus is denied.  Justice

Kagan took no part in the consideration or decision of this petition.

## MANDAMUS DENIED

15-6398     IN RE OTIS F. ERVIN

The petition for a writ of mandamus is denied.

## REHEARINGS DENIED

14-8863     DEBOLT, GARY R. V. UNITED STATES

14-9429     HAMMONDS, ANTHONY D. V. BO'S FOOD STORE

14-9590     J. D. T. V. UNITED STATES

14-9691     RODARTE, JOHN E. V. STEPHENS, DIR., TX DCJ

14-9742     ELAM, JOHN K. V. PASTRANA, WARDEN

14-9841     DOUGHERTY, ROBERT W. V. PRUETT, WARDEN

14-9853     MEDLEY, CLIFFORD V. STEPHENS, DIR., TX DCJ

14-9943     TAPP, SEAN V. ECKARD, SUPT., HUNTINGDON

14-10258    CHEEK, LINDA S. V. UNITED STATES

14-10281    TURNER, RAY V. STEWARD, WARDEN

14-10328    JONES, ARDELIA V. NUTTALL AFC COMPANY, ET AL.

14-10420    IN RE COREY ROWE

14-10444    TALLEY, JAMES V. SIMANDLE, CHIEF JUDGE, USDC NJ

15-53       CARPENTER, DANIEL E. V. UNITED STATES

15-112      SKIPP-TITTLE, SUSAN V. TITTLE, SHAWN

15-160      SENCI, ALBA N. V. BANK OF NEW YORK MELLON

15-171      DeFAZIO, JAMES P., ET AL. V. HOLLISTER, INC., ET AL.

15-279      SONE, KENSHO, ET AL. V. HARVEST NATURAL RESOURCES, INC.

15-5157     KELLY, ANTHONY V. BISHOP, WARDEN, ET AL.

15-5362     CRAYTON, FREDDIE V. FLORIDA

15-5478     JONES, CLAUDE V. V. CARTLEDGE, WARDEN

15-5479     FISHER, TWANA V. IRONTON, OH

15-5541      BRAMAGE, WALTER J. V. DISCOVER BANK

15-5590      MOODY, PAULINE V. DELRAY BEACH, FL, ET AL.

15-5747      CLUGSTON, CHARLES T. V. BATISTA, DIR., MT DOC, ET AL.

15-5911      LINDOR, JEAN M. V. UNITED STATES

15-5975      JHA, MANOJ K. V. UNITED STATES

15-6047      CARDENAS, JULIO C. V. UNITED STATES

       The petitions for rehearing are denied.

### ATTORNEY DISCIPLINE

D-2857      IN THE MATTER OF DISCIPLINE OF LUIGI ROSABIANCA

       Luigi Rosabianca, of New York, New York, is suspended from the practice of law in this Court and a rule will issue, returnable within 40 days, requiring him to show cause why he should not be disbarred from the practice of law in this Court.

D-2858      IN THE MATTER OF DISCIPLINE OF MICHAEL S. SEPCICH

       Michael S. Sepcich, of Metairie, Louisiana, is suspended from the practice of law in this Court and a rule will issue, returnable within 40 days, requiring him to show cause why he should not be disbarred from the practice of law in this Court.

D-2859      IN THE MATTER OF DISCIPLINE OF WILLIAM JENNINGS JEFFERSON

       William Jennings Jefferson, of New Orleans, Louisiana, is suspended from the practice of law in this Court and a rule will issue, returnable within 40 days, requiring him to show cause why he should not be disbarred from the practice of law in this Court.

D-2860      IN THE MATTER OF DISCIPLINE OF ALAN JOHN ABADIE

       Alan John Abadie, of Chalmette, Louisiana, is suspended from the practice of law in this Court and a rule will issue, returnable within 40 days, requiring him to show cause why he

should not be disbarred from the practice of law in this Court.

D-2861    IN THE MATTER OF DISCIPLINE OF SHAUNTESE CURRY TRYE

Shauntese Curry Trye, of Baltimore, Maryland, is suspended from the practice of law in this Court and a rule will issue, returnable within 40 days, requiring her to show cause why she should not be disbarred from the practice of law in this Court.

D-2862    IN THE MATTER OF DISCIPLINE OF GERRY G. ZOBRIST

Gerry G. Zobrist, of Las Vegas, Nevada, is suspended from the practice of law in this Court and a rule will issue, returnable within 40 days, requiring him to show cause why he should not be disbarred from the practice of law in this Court.

D-2863    IN THE MATTER OF DISCIPLINE OF JOHN J. KORESKO, V

John J. Koresko, V, of Bridgeport, Pennsylvania, is suspended from the practice of law in this Court and a rule will issue, returnable within 40 days, requiring him to show cause why he should not be disbarred from the practice of law in this Court.

D-2864    IN THE MATTER OF DISCIPLINE OF DONALD P. ROSEN

Donald P. Rosen, of Carpentersville, Illinois, is suspended from the practice of law in this Court and a rule will issue, returnable within 40 days, requiring him to show cause why he should not be disbarred from the practice of law in this Court.

D-2865    IN THE MATTER OF DISCIPLINE OF DANIEL ROZENSTRAUCH

Daniel Rozenstrauch, of Chicago, Illinois, is suspended from the practice of law in this Court and a rule will issue, returnable within 40 days, requiring him to show cause why he should not be disbarred from the practice of law in this Court.

D-2866      IN THE MATTER OF DISCIPLINE OF DAVID E. NEELY

     David E. Neely, of Chicago, Illinois, is suspended from the practice of law in this Court and a rule will issue, returnable within 40 days, requiring him to show cause why he should not be disbarred from the practice of law in this Court.

D-2867      IN THE MATTER OF DISCIPLINE OF CARLA RUTH McBEATH

     Carla Ruth McBeath, of Fort Lee, New Jersey, is suspended from the practice of law in this Court and a rule will issue, returnable within 40 days, requiring her to show cause why she should not be disbarred from the practice of law in this Court.

D-2868      IN THE MATTER OF DISCIPLINE OF CHERYL ROSE BRAWLEY

     Cheryl Rose Brawley, of Honolulu, Hawaii, is suspended from the practice of law in this Court and a rule will issue, returnable within 40 days, requiring her to show cause why she should not be disbarred from the practice of law in this Court.

Thomas, J., dissenting

# SUPREME COURT OF THE UNITED STATES

## ARIE S. FRIEDMAN, ET AL. *v.* CITY OF HIGHLAND PARK, ILLINOIS

### ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

No. 15–133.   Decided December 7, 2015

The petition for a writ of certiorari is denied.

Justice Thomas, with whom Justice Scalia joins, dissenting from the denial of certiorari.

"[O]ur central holding in" *District of Columbia* v. *Heller*, 554 U. S. 570 (2008), was "that the Second Amendment protects a personal right to keep and bear arms for lawful purposes, most notably for self-defense within the home." *McDonald* v. *Chicago*, 561 U. S. 742, 780 (2010) (plurality opinion). And in *McDonald*, we recognized that the Second Amendment applies fully against the States as well as the Federal Government. *Id.,* at 750; *id.,* at 805 (Thomas, J., concurring in part and concurring in judgment).

Despite these holdings, several Courts of Appeals—including the Court of Appeals for the Seventh Circuit in the decision below—have upheld categorical bans on firearms that millions of Americans commonly own for lawful purposes. See 784 F. 3d 406, 410–412 (2015). Because noncompliance with our Second Amendment precedents warrants this Court's attention as much as any of our precedents, I would grant certiorari in this case.

I

The City of Highland Park, Illinois, bans manufacturing, selling, giving, lending, acquiring, or possessing many of the most commonly owned semiautomatic firearms, which the City branded "Assault Weapons." See Highland Park, Ill., City Code §§136.001(C), 136.005 (2015), App. to Pet. for Cert. 65a, 71a. For instance, the ordinance crimi-

THOMAS, J., dissenting

nalizes modern sporting rifles (*e.g.,* AR-style semiautomatic rifles), which many Americans own for lawful purposes like self-defense, hunting, and target shooting.  The City also prohibited "Large Capacity Magazines," a term the City used to refer to nearly all ammunition feeding devices that "accept more than ten rounds."  §136.001(G), *id.,* at 70a.

The City gave anyone who legally possessed "an Assault Weapon or Large Capacity Magazine" 60 days to move these items outside city limits, disable them, or surrender them for destruction.  §136.020, *id.,* at 73a.  Anyone who violates the ordinance can be imprisoned for up to six months, fined up to $1,000, or both.  §136.999, *id.,* at 74a.

Petitioners—a Highland Park resident who sought to keep now-prohibited firearms and magazines to defend his home, and an advocacy organization—brought a suit to enjoin the ordinance on the ground that it violates the Second Amendment.  The District Court for the Northern District of Illinois granted summary judgment to the City.

A divided panel of the Seventh Circuit affirmed.  The panel majority acknowledged that the prohibited weapons "can be beneficial for self-defense because they are lighter than many rifles and less dangerous per shot than larger-caliber pistols or revolvers," and thus "[h]ouseholders too frightened or infirm to aim carefully may be able to wield them more effectively."  784 F. 3d, at 411.

The majority nonetheless found no constitutional problem with the ordinance.  It recognized that *Heller* "holds that a law banning the possession of handguns in the home . . . violates" the Second Amendment.  784 F. 3d, at 407.  But beyond *Heller*'s rejection of banning handguns in the home, the majority believed, *Heller* and *McDonald* "leave matters open" on the scope of the Second Amendment.  784 F. 3d, at 412. The majority thus adopted a new test for gauging the constitutionality of bans on firearms: "[W]e [will] ask whether a regulation bans weapons that

were common at the time of ratification or those that have some reasonable relationship to the preservation or efficiency of a well regulated militia, . . . and whether law-abiding citizens retain adequate means of self-defense." *Id.*, at 410 (internal quotation marks omitted).

Judge Manion dissented, reasoning that "[b]oth the ordinance and this court's opinion upholding it are directly at odds with the central holdings of *Heller* and *McDonald*." *Id.,* at 412.

## II

The Second Amendment provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." We explained in *Heller* and *McDonald* that the Second Amendment "guarantee[s] the individual right to possess and carry weapons in case of confrontation." *Heller*, *supra*, at 592; see also *McDonald*, *supra*, at 767–769. We excluded from protection only "those weapons not typically possessed by law-abiding citizens for lawful purposes." *Heller*, 554 U. S., at 625. And we stressed that "[t]he very enumeration of the right takes out of the hands of government—even the Third Branch of Government—the power to decide on a case-by-case basis whether the right is really worth insisting upon." *Id.,* at 634 (emphasis deleted).

Instead of adhering to our reasoning in *Heller*, the Seventh Circuit limited *Heller* to its facts, and read *Heller* to forbid only total bans on handguns used for self-defense in the home. See 784 F. 3d, at 407, 412. All other questions about the Second Amendment, the Seventh Circuit concluded, should be defined by "the political process and scholarly debate." *Id.*, at 412. But *Heller* repudiates that approach. We explained in *Heller* that "since th[e] case represent[ed] this Court's first in-depth examination of the Second Amendment, one should not expect it to clarify

Thomas, J., dissenting

the entire field." 554 U. S., at 635.  We cautioned courts against leaving the rest of the field to the legislative process: "Constitutional rights are enshrined with the scope they were understood to have when the people adopted them, whether or not future legislatures or (yes) even future judges think that scope too broad." *Id.*, at 634–635.

Based on its crabbed reading of *Heller*, the Seventh Circuit felt free to adopt a test for assessing firearm bans that eviscerates many of the protections recognized in *Heller* and *McDonald*.  The court asked in the first instance whether the banned firearms "were common at the time of ratification" in 1791.  784 F. 3d, at 410.  But we said in *Heller* that "the Second Amendment extends, prima facie, to all instruments that constitute bearable arms, even those that were not in existence at the time of the founding." 554 U. S., at 582.

The Seventh Circuit alternatively asked whether the banned firearms relate "to the preservation or efficiency of a well regulated militia." 784 F. 3d, at 410 (internal quotation marks omitted).  The court concluded that state and local ordinances never run afoul of that objective, since "states, which are in charge of militias, should be allowed to decide when civilians can possess military-grade firearms." *Ibid*.  But that ignores *Heller*'s fundamental premise: The right to keep and bear arms is an independent, individual right.  Its scope is defined not by what the militia needs, but by what private citizens commonly possess.  554 U. S., at 592, 627–629.  Moreover, the Seventh Circuit endorsed the view of the militia that *Heller* rejected.  We explained that "*Congress* retains plenary authority to organize the militia," not States.  *Id.*, at 600 (emphasis added).  Because the Second Amendment confers rights upon individual citizens—not state governments—it was doubly wrong for the Seventh Circuit to delegate to States and localities the power to decide which firearms people may possess.

Thomas, J., dissenting

Lastly, the Seventh Circuit considered "whether law-abiding citizens retain adequate means of self-defense," and reasoned that the City's ban was permissible because "[i]f criminals can find substitutes for banned assault weapons, then so can law-abiding homeowners." 784 F. 3d, at 410, 411. Although the court recognized that "*Heller* held that the availability of long guns does not save a ban on handgun ownership," it thought that "*Heller* did not foreclose the possibility that allowing the use of most long guns plus pistols and revolvers . . . gives house-holders adequate means of defense." *Id.*, at 411.

That analysis misreads *Heller*. The question under *Heller* is not whether citizens have adequate alternatives available for self-defense. Rather, *Heller* asks whether the law bans types of firearms commonly used for a lawful purpose—regardless of whether alternatives exist. 554 U. S., at 627–629. And *Heller* draws a distinction between such firearms and weapons specially adapted to unlawful uses and not in common use, such as sawed-off shotguns. *Id.*, at 624–625. The City's ban is thus highly suspect because it broadly prohibits common semiautomatic fire-arms used for lawful purposes. Roughly five million Americans own AR-style semiautomatic rifles. See 784 F. 3d, at 415, n. 3. The overwhelming majority of citizens who own and use such rifles do so for lawful purposes, including self-defense and target shooting. See *ibid.* Under our precedents, that is all that is needed for citi-zens to have a right under the Second Amendment to keep such weapons. See *McDonald*, 561 U. S., at 767–768; *Heller*, *supra*, at 628–629.

The Seventh Circuit ultimately upheld a ban on many common semiautomatic firearms based on speculation about the law's potential policy benefits. See 784 F. 3d, at 411–412. The court conceded that handguns—not "assault weapons"—"are responsible for the vast majority of gun violence in the United States." *Id.*, at 409. Still, the court

Thomas, J., dissenting

concluded, the ordinance "may increase the public's sense of safety," which alone is "a substantial benefit." *Id.,* at 412. *Heller*, however, forbids subjecting the Second Amendment's "core protection . . . to a freestanding 'interest-balancing' approach." *Heller*, *supra,* at 634. This case illustrates why. If a broad ban on firearms can be upheld based on conjecture that the public might *feel* safer (while being no safer at all), then the Second Amendment guarantees nothing.

## III

The Court's refusal to review a decision that flouts two of our Second Amendment precedents stands in marked contrast to the Court's willingness to summarily reverse courts that disregard our other constitutional decisions. *E.g., Maryland* v. *Kulbicki, ante,* at 1 (*per curiam*) (summarily reversing because the court below applied *Strickland* v. *Washington*, 466 U. S. 668 (1984), "in name only"); *Grady* v. *North Carolina*, 575 U. S. ___ (2015) (*per curiam*) (summarily reversing a judgment inconsistent with this Court's recent Fourth Amendment precedents); *Martinez* v. *Illinois*, 572 U. S. ___, ___ (2014) (*per curiam*) (slip op., at 10) (summarily reversing judgment that rested on an "understandable" double jeopardy holding that nonetheless "r[an] directly counter to our precedents").

There is no basis for a different result when our Second Amendment precedents are at stake. I would grant certiorari to prevent the Seventh Circuit from relegating the Second Amendment to a second-class right.