# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SOUTHCO, INC., | : | CIVIL ACTION |
| *Plaintiff / Counterclaim Defendant*, | : | |
| v. | : | No. 10-1060 |
| FIVETECH TECHNOLOGY, INC., | : | |
| *Defendant / Counterclaimant.* | : | |

## ORDER

**AND NOW,** this 15th day of May, 2017, upon consideration of Fivetech's "Motion for Summary Judgment of Invalidity of Southco's U.S. Patent No. 6,468,012" (Doc. No. 302); Southco's "Motion for Partial Summary Judgment of Infringement" (Doc. No. 304); Fivetech's "Cross Motion for Summary Judgment of No Infringement of Southco's U.S. Patent No. 6,648,012 and for Invalidity of Claim 7 for Indefiniteness" (Doc. No. 309); and Southco's "Motion to Strike Fivetech Technology's Cross-Motion for Summary Judgment of No Infringement of U.S. Patent No. 6,468,012 and Invalidity of Claim 7 for Indefiniteness" (Doc. No. 311), and all respective responses and replies, and for the reasons set forth in this Court's accompanying Memorandum Opinion, it is hereby **ORDERED** that:

- Fivetech's Motion for Summary Judgment of Invalidity of Southco's U.S. Patent No. 6,468,012 (Doc. No. 302) is **DENIED**;

- Southco's Motion for Partial Summary Judgment of Infringement (Doc. No. 304) is **DENIED**;

- Southco's Motion to Strike Fivetech Technology's Cross-Motion for Summary Judgment of No Infringement of U.S. Patent No. 6,468,012 and Invalidity of Claim 7 for

Indefiniteness (Doc. No. 311) is **GRANTED**. Fivetech's Cross Motion for Summary Judgment of No Infringement of Southco's U.S. Patent No. 6,648,012 and for Invalidity of Claim 7 for Indefiniteness (Doc. No. 309) is **STRICKEN**;

- Pursuant to Federal Rule of Civil Procedure 16(f)(1)(C) and (f)(2), and for the reasons set forth in this Court's accompanying Memorandum Opinion, Southco shall submit a request for reasonable attorneys' fees incurred in preparing its Motion to Strike. Southco's request shall be supported by an affidavit and/or supporting documentary evidence. Southco's request must be limited to those reasonable fees incurred solely in preparation of its Motion to Strike. It shall not request any fees incurred in connection with any reply, response, and/or other motion. Southco's request for attorneys' fees shall be submitted within **fourteen (14) days** from the date of this Order;

- Southco's request for oral argument (Doc. No. 314) is **DENIED**.

**IT IS FURTHER ORDERED** that:

1. On or before **Tuesday, November 14, 2017**, counsel for each party shall serve upon counsel for every other party:

    (a) a copy of each exhibit the party expects to offer at trial, together with an index of all trial exhibits; and

    (b) proposed stipulations.

2. No later than **Tuesday, December 5, 2017**, the parties shall file their pre-trial memoranda and motions *in limine*. The pretrial memoranda shall be prepared in conformance with Local Rule of Civil Procedure 16.1(c), and shall also include the following information:

(a) the identity of each fact witness, liability and damages, to be called at trial with a brief statement of the nature of the expected testimony (witnesses not listed may not be called by that party in its case-in-chief);

(b) the identity of each expert witness to be called at trial with a brief statement of each opinion to be offered by the expert;

(c) designation of videotaped trial testimony and deposition testimony to be offered at trial;

(d) a list of each item of monetary damages claimed, including, as appropriate, computations of lost earnings and loss of future earning capacity, medical expenses, property damages, and any other economic loss; or, if relief other than monetary damages is sought, information adequate for framing an order granting the relief sought;

(e) stipulations, if any;

(f) objections to and the grounds for the objections to the admissibility of any item of evidence including exhibits expected to be offered by another party;

(g) any party objecting to deposition testimony shall file the objections, setting forth the page and line numbers of the challenged testimony and a clear statement for the basis for each objection. The objecting party must provide the Court with a copy of the portions of the deposition transcript with the challenged testimony highlighted; and

(h) a statement of any anticipated legal issues on which the Court will be required to rule.

3. Responses to motions *in limine*, if any, shall be filed no later than **Tuesday, December 19, 2017**.

4. No later than **Tuesday, January 9, 2018**, the parties shall file <u>joint</u> proposed jury instructions on substantive issues and proposed verdict forms or special interrogatories to the jury. Each party also shall file proposed jury instructions, verdict forms or special interrogatories on those issues not agreed upon by the parties. Each jury instruction shall be submitted on a separate sheet of paper, double-spaced, with references to citations and pattern jury instructions where appropriate.

5. Prior to the final pre-trial conference, counsel shall confer regarding stipulations and exhibits. Counsel shall resolve, if possible, objections to exhibits and witnesses.

13. A final pre-trial conference will be held on **Tuesday, January 23, 2018** at **2:30 p.m. in Chambers**. Counsel shall supply the Court with a tabbed exhibit binder and exhibit index. Additional binders shall also be prepared for the Deputy Clerk and for use with witnesses.

14. At the final pre-trial conference, counsel shall be prepared to argue pending motions *in limine* and objections to witnesses and exhibits.

15. This case will be listed for trial on <u>**Monday, February 5, 2018**</u> at **9:00 a.m.**, in a Courtroom to be assigned. Counsel and all parties shall be prepared to commence trial on that date. All counsel are attached for trial.

BY THE COURT:

/s/ Mitchell S. Goldberg

_____
MITCHELL S. GOLDBERG, J.